Whereupon the Attorney-General opposed this application. He said his former recognizance ought not to be remitted, for in that case the State would have no hold at all upon him; for though he now had lands, he might sell them and move away, and they were not liable to the recognizance, but only from the time the fi. fa. issued against them; and for this he citedBell v. Hill, determined at Halifax Superior Court, ante, 72. He further said if the fi. fa. could have no retrospect in a case where it issued upon a judgment, it could have none where it issued upon a recognizance forfeited; and that a recognizance had no greater force to bind the land than a judgment had, for that each were mentioned in the same manner in the statute, 13 Edw. I., ch., 18, which introduced the elegit. *Page 73 
ASHE, J., made no observations. (100)
The decision at Halifax (Bell v. Hill, ante, 72), was a proper one. In England, where the lands are bound from the judgment, judgments are entered in the King's Bench or Common Pleas only. Thither all persons may resort with a certainty of finding whether or not such a judgment as would affect lands had been entered up; but in this country judgments are not capable of creating such notoriety. No man knows where to search for a judgment that he suspects may be probably taken. The Superior Courts, the county courts, and justices of the peace out of court may pass judgments to affect land, and no one knows where to search for them. It is very proper, therefore, in this country, the lands should be bound in case of judgments but from the time of the teste of the fi. fa. only; but recognizances remain as they were, because the land is made liable expressly by the words of the recognizance — "to be levied of my goods and chattels, lands and tenements, upon condition," etc. Now, when this condition is not complied with, it is the same thing as if he had expressly bound his land to pay that sum absolutely and unconditionally on the day of the recognizance made.
ASHE, J., assented.
See Bell v. Hill, and note thereto, ante, 72; Burton v. Murphy,4 N.C. 684; S. c., 6 N.C. 339; Hoke v. Henderson,14 N.C. 12.
Cited: Burton v. Murphey, 6 N.C. 341.